**ITALIA SOCIETA ANONIMA DI NAVIGA-ZIONE (ITALIAN LINE), v. CAVA-LIERI.**

No. 1370.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 31, 1953.

Decided Oct. 1, 1953.

William R. Perlik, Washington, D. C., with whom Ezekiel G. Stoddard, Washington, D. C., was on the brief, for appellant.

James M. Fitzpatrick, Washington, D. C., for appellee. Drexel A. Sprecher, Washington, D. C., entered an appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant, an Italian corporation, was sued by appellee for the return of money paid by appellee to appellant in Italy in 1940 for steamship passage from New York to Italy, which passage was not furnished because of war conditions.[1] On filing of the complaint appellee caused an attachment to issue to the Attorney General of the United States who, as successor to the Alien Property Custodian, answered that he held assets of appellant far in excess of appellee's claim. The original summons issued against appellant was not served and no steps were taken to effect service by

1. Two other similar suits were filed at the same time and the proceedings with respect to the three suits have been identi- cal and the parties have stipulated that all three suits shall be controlled by this appeal.

publication, but a copy of the complaint was mailed by appellee's attorney to appellant's New York office and appellant's New York representative was aware that the attachment had been issued. More than five months after suit was filed an alias summons was issued and served on appellant's passenger agent in the District of Columbia. That agent immediately wrote to appellant's New York representative (its general representative in the United States) informing him of the service of the summons and complaint. This letter was never received by the New York representative and as a result no answer was filed within the time fixed and judgment by default was taken. Three days later appellant's attorney learned of the default judgment and a week thereafter filed a motion to set aside the default, accompanied by a proposed answer and supported by affidavits of the New York and District of Columbia agents and of counsel himself.

The motion was denied and this appeal followed.

The granting or denial of a motion to set aside a default rests in the sound discretion of the trial court. However, we have held that the rule permitting relief from default judgments should be liberally construed and any doubt should be resolved in favor of setting aside the default to the end that a trial on the merits may be had.[2] Where the defaulting party is not guilty of wilful neglect and acts with reasonable diligence after the default has been entered, sound judicial discretion requires setting aside the default if there is a prima facie showing of a meritorious defense and if setting aside the default will not prejudice the substantive rights of the opposing party. We think this is such a case and the motion to set aside the default should have been granted.

Reversed.

2. Manos v. Fickenscher, D.C.Mun.App., 62 A.2d 791.