Myrna **FIRESTONE**, Appellant,

v.

J. Francis **HARRIS**, III, Appellee.

Nos. 13762, 14096.

District of Columbia Court of Appeals.

Submitted Dec. 13, 1979.

Decided April 30, 1980.

Steven A. Martindale, Washington, D.C., for appellant.

E. David Harrison, Washington, D.C., for appellee.

Before KELLY and FERREN, Associate Judges, and YEAGLEY, Associate Judge, Retired.

KELLY, Associate Judge:

This case arises from a default judgment entered against appellant pursuant to Super.Ct.Civ.R. 37(b)(2)(C) for failure to comply with the trial court's discovery order. Appellant argues on appeal that the trial judge erred in (1) entering default against her; (2) denying her motion to set aside the default; and (3) denying her request to participate in the hearing on damages. We disagree with appellant's first two contentions, but remand the case for a new hearing on damages in which appellant is allowed to participate.

Appellee's complaint, filed February 17, 1977, alleged that appellant, to whom he leased his house for three months, had caused extensive damage to the premises and the furnishings. Appellant denied having caused any damage and counterclaimed for the value of her services and improvements to the premises. On September 15, 1977, appellee served interrogatories on appellant. They were answered on November 3. Five days later, appellee moved for an order compelling appellant to file more complete answers. The motion was granted and appellant was given thirty days in which to answer certain questions. The answers filed on February 13, 1978, some of which appellee claimed were still unresponsive to his questions, were signed by appellant's attorney and not by appellant, as required by Super.Ct.Civ.R. 33(a).[1]

On February 17, appellee, still dissatisfied with appellant's answers, filed a motion for sanctions pursuant to Super.Ct.Civ.R. 37(b).[2] He claimed that appellant had willfully violated the court's order and pointed out that the signature was in violation of

1. Superior Ct.Civ.R. 33(a) requires that answers to interrogatories be signed by the person making them.

2. Superior Ct.Civ.R. 37(b) contains numerous sanctions for failure to comply with discovery orders. Rule 37(b)(2)(C), relied on by the trial judge here, provides that the court may enter

Rule 33. Although appellant filed no opposition to the motion, it was denied on March 22. On March 30, however, the trial judge, sua sponte, reconsidered his earlier order, dismissed appellant's counterclaim, and entered default against appellant, subject to *ex parte* proof of damages.

On April 21, appellant filed a motion to set aside the entry of default. Attached to the motion were appellant's answers to interrogatories (the same ones she had previously filed), and a cover sheet bearing appellant's notarized signature. After hearing oral arguments from both parties, the judge denied appellant's motion.

The hearing to establish damages was held on October 10, 1978. Appellee testified and presented two expert witnesses, but appellant was not allowed to cross-examine them. The court awarded appellee $7,466.50, the amount prayed for in the complaint.

■■■■ The imposition of sanctions pursuant to Rule 37 is vested in the broad discretion of the trial court, and we will disturb the ruling only for an abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Here, the interrogatories were propounded in September of 1977 and the case was set for trial in April of 1978. One month before trial, the judge found that appellant still had not provided proper answers. Appellee's preparation for trial was obviously frustrated. Even if appellant's failure to comply was the result of negligence, rather than bad faith, sanctions could be imposed. There is no requirement that his failure be willful or malicious; a conscious failure to comply is sufficient. *See United States Merchandise Mart, Inc. v. D&H Distributing Co.*, D.C. App., 279 A.2d 511, 513 (1971). On this record, we cannot find that the trial judge abused his discretion.

> [a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

A motion to set aside an entry of default is also delegated to the discretion of the trial court. *See Italia Societa Anonima Di Navigazione v. Cavalieri*, D.C.Mun.App., 99 A.2d 488, 489 (1953). To be entitled to relief, the defaulting party must show that there is "good cause" for setting aside the default. Super.Ct.Civ.R. 55(c). In the motion and at the hearing, appellant's attorney argued that he had not received notice of either appellee's motion for sanctions, the court's denial of the motion, or its reconsideration of the denial. He also explained that the answers to interrogatories were not personally signed by his client because both he and his client, who no longer lived in Washington, had been traveling and he had been unable to reach her. Appellee's attorney rebutted these arguments by alleging that he had served the motion on appellant's attorney at his correct address and that, regardless of appellant's failure to sign the interrogatory answers, they were still unresponsive to his questions. The trial judge, who was in the best position to evaluate the immediate circumstances of the case and the credibility of the parties,[3] *see* 10 Wright and Miller, Federal Practice and Procedure: *Civil* § 2693 (1973), found that appellant's arguments did not entitle her to relief. After reviewing the record, we do not find that his ruling was an abuse of discretion.

Appellant's final contention raises an issue that does not appear to have been decided formally by this court.[4] She argues that the trial judge erred in denying her request to cross-examine appellee and his expert witnesses at the hearing to establish damages. An entry of default in a claim for unliquidated damage admits only the nondefaulting party's right to recover, not the amount of damages. *See* 6 Moore's Federal Practice ¶ 55.07 (1976). The general rule, and we think a good one, is that, although the defaulting party may not introduce evidence to defeat his opponent's right to recover at the hearing to establish damages, he is entitled to present evidence in mitigation of damages and cross-examine witnesses. *See Peitzman v. City of Illmo*, 141 F.2d 956, 962 (8th Cir.), *cert. denied*, 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577 (1944); *Gill v. Stolow*, 18 F.R.D. 508, 510 (S.D.N.Y. 1955), *rev'd on other grounds*, 240 F.2d 669 (2d Cir. 1957); *Kohlenberger, Inc. v. Tyson's Foods, Inc.*, 256 Ark. 584, 510 S.W.2d 555, 562 (1974); *Gallegos v. Franklin*, 89 N.M. 118, 547 P.2d 1160 (1976); *Rainwater v. Haddox*, 544 S.W.2d 729 (Tex.Civ.App. 1976); 6 Moore's Federal Practice, *supra* at ¶¶ 55.03[2], 55.07; 10 Wright and Miller, Federal Practice and Procedure, *supra* at § 2688; 15 A.L.R.3d 586, 607 (1967), and cases cited therein. Since appellant was denied the opportunity to participate in the hearing to establish damages, we remand the case for a new hearing.

*Judgment by default is affirmed and the case is remanded for a new hearing to establish damages.*

---

3. Appellant's attorney, secretary, and his law clerk submitted affidavits stating that a copy of the motion was never received by them or anyone in the law firm. The motion did, however, contain a certificate of service and appellee submitted an affidavit from the employee of his firm who personally mailed a copy of the motion to appellant's attorney.

4. In *Ramey v. Hewitt*, D.C.App., 188 A.2d 350 (1963), a case decided before the amendment of Super.Ct.Civ.R. 55, Chief Judge Hood, in his dissenting opinion, recognized that a defaulting party who has appeared in the case is entitled to participate in the hearing to establish damages.