**UNGAR MOTORS, Appellant,**

v.

**Frances ABDEMOULAIE, Appellee.**

No. 82–278.

District of Columbia Court of Appeals.

Argued May 3, 1983.

Decided July 7, 1983.

Philip M. Musolino, Washington, D.C., for appellant.

Paula D. Scott, Washington, D.C., with whom Peter Drymalski, Washington, D.C., was on the brief, for appellee.

Before NEBEKER, MACK and TERRY, Associate Judges.

TERRY, Associate Judge:

The trial court dismissed appellant's complaint with prejudice and entered a default judgment against it on appellee's counterclaim for failure to comply with a request for discovery. We hold that the trial court abused its discretion and reverse the order from which this appeal is taken.

I

On May 23, 1980, appellant filed a complaint against appellee in the Landlord and Tenant Branch for possession of an apartment based on non-payment of rent. On June 23 the court vacated a default judgment which had been entered against appellee and granted appellant's motion for a protective order requiring appellee to deposit $170.50 each month into the court registry. Appellee was given until July 7 to file her answer. Encouraged by the prospect of reaching a possible settlement, however, appellee refrained from filing an answer for approximately one year. Negotiations then broke down, and on June 16, 1981, appellee filed a motion for leave to file an answer and a motion for leave to proceed *in forma pauperis*.[1] These motions

---

1. In her motion for leave to file an answer appellee explained:

    The defendant [appellee] did not originally file an answer to the complaint because she and the landlord were attempting to settle the matter informally[,] with the landlord making certain repairs while the defendant paid her money into the Registry of the Court; also at the time the suit was consti-

were granted, and appellee filed her answer and a counterclaim.

On September 30 appellant filed a motion for leave to conduct discovery, together with a set of interrogatories and a request for production of documents. On October 6 the parties filed a praecipe with the court which stated: "[T]he parties agree to mutual discovery; responses to any discovery request filed with the court shall be due 30 days after service of said request(s)." Appellee propounded interrogatories and served a request for production of documents on appellant on October 30.[2]

On November 17 appellant's counsel filed a motion to withdraw from the case, which the court granted on December 2.[3] On December 7 appellant filed a praecipe, signed by Norbert T. Ungar,[4] requesting a sixty-day continuance "[b]ecause of the withdrawal of counsel, pressing business problems, and serious medical problems of Mrs. Ungar," and the case was continued to January 8, 1982. New counsel entered his appearance for appellant on December 31.

In the interim, appellee filed her responses to appellant's interrogatories and request for documents. The record is silent as to what happened on January 8, but on January 11 appellee filed a motion for summary judgment.[5] On February 1 appellee filed a

motion for sanctions and attorney's fees, asking the trial court to dismiss appellant's complaint because of its failure to respond to her discovery requests. After a hearing, the trial court granted the latter motion and dismissed the case with prejudice. The court also entered a default judgment on appellee's counterclaim and ordered appellant to pay $100 in attorney's fees.

## II

A trial court has broad discretion in determining what sanctions to apply under Super.Ct.Civ.R. 37 for noncompliance with pretrial discovery orders. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); *Firestone v. Harris,* 414 A.2d 526, 527 (D.C.1980); *Himmelfarb v. Greenspoon,* 411 A.2d 979, 982 (D.C.1980).[6] Among the sanctions available to the trial court is the dismissal of the complaint or the entry of a default judgment. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *see Hall v. Watwood,* 289 A.2d 626, 628 (D.C.1972). "In order to determine whether the trial court's action constituted abuse of discretion, [we must] examine the entire proceedings prior to such action." *U.S. Merchandise Mart, Inc. v. D & H Distributing Co.,*

---

tuted the defendant was incapacitated in the hospital and unable to go to court.

2. Appellant's responses were due on December 1. At appellant's request, appellee agreed informally to wait until December 28 for the responses because appellant's counsel was about to withdraw.

3. Appellant's counsel had filed a similar motion earlier but apparently had withdrawn it.

4. The relationship between Norbert T. Ungar and Ungar Motors is not clear from the record.

5. This motion was apparently never ruled upon by the court.

6. Super.Ct.Civ.R. 37 provides in pertinent part:
   (b) *Failure to comply with order.*
   \* \* \* \* \* \*
   (2) ... If a party ... fails to obey an order to provide or permit discovery ... the court

may make such orders in regard to the failure as are just, and among others the following:
   \* \* \* \* \* \*
   (C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party ....
   \* \* \* \* \* \*
   (d) *Failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection.* If a party ... fails ... to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, ... the court on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

279 A.2d 511, 513 (D.C.1971).[7] After having done so in this case, we conclude that the trial court overreacted in dismissing appellant's complaint with prejudice and entering a default judgment on the counterclaim.

Appellee's interrogatories and her request for production of documents were filed on October 30, 1981, with responses due in thirty days. Appellee agreed to wait until the end of December for appellant's responses, however, given the withdrawal of appellant's counsel from the case. New counsel entered his appearance on December 31, and at the hearing on appellee's motion to impose sanctions on February 3 he stated to the court:

> Your Honor, I really cannot contest any of the representations made by . . . [counsel for appellee] in her motion. She has contacted me. I have spoken with my client and I have not yet received his responses . . . .

In *Koppal v. Travelers Indemnity Co.,* 297 A.2d 337 (D.C.1972), we reversed the trial court's dismissal under former Super.Ct. Civ.R. 37(d) for failure to answer interrogatories which had been properly filed and served. In so doing, we observed that under Rule 37(d), the sanction of "dismissal appear[ed] to be the least preferred and require[d] a showing of willfulness on behalf of the party failing to serve the answers." *Id.* at 339 (citation omitted).[8] *Koppal* was subsequently distinguished in

*Coleman v. Lee Washington Hauling Co.,* 392 A.2d 1067 (D.C.1978), on the ground that in the latter case there was "a continued failure to provide answers [to the interrogatories] after repeated requests by [the defendant] and, finally, after a court order directing answers before a specific date." *Id.* at 1070. *See also Firestone v. Harris, supra* (plaintiff failed to provide proper answers after five months, notwithstanding an order to do so); *Himmelfarb v. Greenspoon, supra* (plaintiff, after being given three opportunities to provide proper answers, failed to do so despite two court orders). The present case falls somewhere between *Koppal* and *Coleman,* but it is closer to *Koppal.*

■ The fact that appellant, possibly through its own negligence,[9] failed to comply with the discovery request was sufficient to justify the imposition of some sanction by the trial court. *Firestone v. Harris, supra,* 414 A.2d at 257; *U.S. Merchandise Mart, Inc. v. D & H Distributing Co., supra,* 279 A.2d at 513. However, in imposing the most severe of sanctions, *viz.,* dismissal of the complaint and entry of a default judgment on the counterclaim, the court went too far. We reiterate what we said in *Koppal:* that "[t]he remedy of dismissal . . . while available, should be granted only upon a showing of severe circumstances," and that the trial court must first "consider

---

7. The "entire proceedings" means just that. We are not confined in our review of the record to that portion which relates only to discovery.

8. Rule 37 was amended in 1970 so as to make clear that willfulness was relevant only in determining what sanctions to impose for failure to comply with discovery and was not a prerequisite to their imposition. *See Coleman v. Lee Washington Hauling Co.,* 392 A.2d 1067, 1070 n. 1 (D.C.1978).

9. This court in *U.S. Merchandise Mart, Inc. v. D & H Distributing Co., supra,* 279 A.2d at 513, adopted the Fourth Circuit's definition of a willful failure as "[a] conscious or intentional failure to act . . . ." *United States ex rel. Weston & Brooker Co. v. Continental Casualty Co.,* 303 F.2d 91, 93 (4th Cir.1962). On this record appellant's actions cannot be so charac-

terized. While willfulness is no longer a prerequisite for dismissal, it is still a factor to be considered in the court's choice of the sanction to be applied. *Coleman v. Lee Washington Hauling Co., supra,* 392 A.2d at 1070–1071 & n. 2, citing *Société Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958). In *Société Internationale* the Supreme Court reversed a Rule 37 dismissal for failure to comply with a pretrial discovery order and observed:

> Rule 37 should not be construed to authorize dismissal of [a] complaint because of . . . noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner.

*Id.* (footnote omitted).

whether less severe and more appropriate sanctions than dismissal [are] justified." 297 A.2d at 339 (citations omitted); [10] *accord, Pollock v. Brown,* 395 A.2d 50, 53 (D.C.1978). While a trial court is not required to state its reasons for choosing dismissal or a default judgment rather than some lesser sanction, a court which fails to state any reasons at all runs a serious risk that its decision will not withstand appellate scrutiny.

Unlike the plaintiffs in *Coleman, Firestone,* and *Himmelfarb,* who either persisted in failing to provide answers to interrogatories after repeated requests and court orders or made unresponsive answers resulting in orders requiring more specificity, appellant was only two months late in answering appellee's interrogatories and request for production of documents. While two months can be a long time in some cases, here it was barely more than the blinking of an eye, given the leisurely pace with which this case was moving through the court system. Appellee evidently chose not to file a motion under Super.Ct.Civ.R. 37(a)(1) to compel appellant to answer the interrogatories and to respond to the request for production of documents. If such a motion had been filed and granted, and if appellant had then failed to comply with the trial court's order, our decision today might possibly be different.

We emphasize, however, that appellee's failure to file a motion under Rule 37(a)(1) is not critical to our holding that the trial court abused its discretion by imposing the draconian sanctions it selected in this case. Our reversal results from the trial court's failure to consider lesser sanctions and from the lack of any showing by appellee (or anything apparent on the face of the rec-

ord) which would justify dismissal. Appellant's new counsel entered his appearance only one month before the hearing on the motion seeking sanctions for failure to comply with the discovery request. At the time of that hearing, no trial date had been set. Moreover, the parties had attempted to settle the case for a year before appellee sought leave to file her answer and counterclaim. In view of the snail-like progress of this litigation, we hold that the trial court's dismissal of appellant's complaint because of its failure to answer the propounded interrogatories was a "penalty too strict ... under the circumstances." *Dodson v. Evans,* 204 A.2d 338, 341 (D.C.1964) (citation omitted).

*Reversed.*[11]

---

10. Appellee argues that because of the 1970 amendment to Rule 37, see note 8, *supra,* *Koppal* no longer reflects the law of the District of Columbia. This is true only to the extent that a showing of willfulness is no longer necessary under the rule to justify a dismissal. The 1970 amendment did not affect our holding in *Koppal* that dismissal is warranted only in "severe circumstances" and that a trial court, before

dismissing a case, must first consider whether lesser sanctions are appropriate.

11. We also vacate the award of attorney's fees, which apparently was intended as an additional sanction under Rule 37, so that the trial court may reconsider it in light of this opinion. We express no view as to its appropriateness on the facts of this case.