Kamau A. BRAXTON, et al., Appellants,

v.

HOWARD UNIVERSITY, Appellee.

Nos. 83–323 to 83–327.

District of Columbia Court of Appeals.

Submitted Dec. 6, 1983.

Decided Feb. 15, 1984.

Ronald Gilchrist, Washington, D.C., was on the brief for appellants.

Steven R. Kiersh, Washington, D.C., was on the brief for appellee.

Before FERREN, PRYOR and TERRY, Associate Judges.

TERRY, Associate Judge:

Appellants filed five individual complaints in February and March 1982, alleging false arrest and assault by members of Howard University's security force. On April 30 the university filed and served interrogatories addressed to each appellant. When none of the appellants responded, the university filed motions to compel answers. The trial court granted four of them at various times, requiring answers from one appellant on August 23, two on September 30, and one on December 8.[1] Appellants did not file their answers within the time allotted, so the university moved to dismiss their complaints.

It appears, however, that appellants, who were proceeding *pro se* at the time (they have since retained counsel), were evicted from their home in July 1982. Although they allegedly left forwarding addresses with the post office, they did not notify the trial court of their changes of address. Consequently, they received no notice of the motions to compel answers, nor did they learn of the orders directing them to file answers[2] and the pending motions to dismiss until December 1982, when appellant Braxton inquired about the status of his case. Braxton filed his answers to the interrogatories on February 28, 1983; the other appellants filed theirs the following week, on March 7 and 8. Nevertheless, on March 9 the trial court held a hearing on appellee's motions to dismiss and granted all five motions.

Appellants contend that the trial court abused its discretion in dismissing their complaints. Noting that they had no knowledge of either the orders compelling answers or the motions to dismiss, they point out that they had filed their answers before the court granted the motions, and contend that appellee suffered no prejudice from their delay. Further, they argue that the court was required to consider less severe sanctions, that dismissal would have been appropriate only upon a finding of willful failure to answer the interrogatories, and that appellee failed to show that their failure to answer on time was willful.

Appellee, on the other hand, argues that the court acted within the discretion granted by Super.Ct.Civ.R. 37 in imposing sanctions for failure to comply with discovery requests. It contends that a finding of willfulness was unnecessary, and that appellants' negligence in failing to provide forwarding addresses to the court was sufficient to warrant dismissal.

Super.Ct.Civ.R. 37 authorizes sanctions for failure to comply with the discovery process. Subsection (b)(2) of the rule states:

If a party ... fails to obey an order to provide or permit discovery ... the court may make such orders in regard to the

---

1. The motion to compel answers from the fifth appellant, Winston Panton, was denied without prejudice and was not renewed. Panton's answers were later filed along with those of the other appellants.

2. The trial court found that, since the post office had not returned the orders to the court, appellants must have received them. We need not decide whether the failure of the post office to take the affirmative step of returning the orders was a sufficient basis for a finding of notice, because even if it was, we must reverse for other reasons.

failure as are just, and among others the following:

 \* \* \* \* \* \*

 (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . . .

Subsection (d) provides in part:

 If a party ... fails ... to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories ... the court on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

As the language of the rule makes clear, the decision to impose such sanctions is left to the discretion of the trial court. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); *Ungar Motors v. Abdemoulaie,* 463 A.2d 686, 687 (D.C. 1983); *Firestone v. Harris,* 414 A.2d 526, 527 (D.C.1980). Only if the court abuses its discretion "by 'imposing a penalty too strict or unnecessary under the circumstances'" will we overturn its decision. *Himmelfarb v. Greenspoon,* 411 A.2d 979, 982 (D.C.1980), quoting from *Dodson v. Evans,* 204 A.2d 338, 341 (D.C.1964).

 This court has held that a trial court abuses its discretion if it fails to consider lesser sanctions before dismissing an action under Rule 37, or if there is no "'showing of severe circumstances'" which would justify dismissal. *Ungar Motors v.*

*Abdemoulaie, supra,* 463 A.2d at 688–689, quoting from *Koppal v. Travelers Indemnity Co.,* 297 A.2d 337, 339 (D.C.1972). While we have never explicitly stated what we regard as "severe circumstances," we have often looked to two factors in deciding cases such as this: whether the opposing party suffered any prejudice as a result of the failure to provide discovery, and whether that failure was willful. In this case we have no trouble concluding that appellants' failure to answer the interrogatories on time was willful, as that term has been defined by this court: "'A conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance . . . .'" *U.S. Merchandise Mart, Inc. v. D & H Distributing Co.,* 279 A.2d 511, 513 (D.C.1971), quoting from *United States ex rel. Weston & Brooker Co. v. Continental Casualty Co.,* 303 F.2d 91, 93 (4th Cir.1962). However, willfulness alone is not usually enough to warrant dismissal, especially if there has been no order compelling discovery.[3] The moving party must also demonstrate that the failure to answer resulted in some degree of prejudice before the court may forego lesser sanctions and dismiss the complaint.

Thus the critical question here is the extent to which appellee was prejudiced by appellants' unresponsiveness. In *Ungar Motors v. Abdemoulaie, supra,* we held that in light of the "leisurely pace" at which the action was proceeding, the plaintiff's two-month delay in responding to the defendant's interrogatories was insufficient to establish the requisite degree of prejudice. 463 A.2d at 689. Five years earlier, in *Pollock v. Brown,* 395 A.2d 50, 52 (D.C. 1978), we implied that delay could not ordinarily be considered prejudicial *per se:* "Al-

---

**3.** Appellee is of course correct in arguing that a finding of willfulness is unnecessary as a basis for dismissal. "Rule 37 was amended in 1970 so as to make clear that willfulness was relevant only in determining what sanctions to impose for failure to comply with discovery and was not a prerequisite to their imposition."

*Ungar Motors v. Abdemoulaie, supra,* 463 A.2d at 688 n. 8 (citation omitted). Nevertheless, there can be no doubt that willfulness "is still a factor to be considered in the court's choice of the sanction to be applied." *Id.* at 688 n. 9 (citations omitted).

though the [defendants] may have been hindered in their ability to prosecute their counterclaim because of the [plaintiffs'] discovery delays, there is no indication that they were in any way prejudiced in their defense of the [plaintiffs'] claim for rent."

■■ In the present case, while appellants' delay in answering the interrogatories was flagrant—nearly a year—appellee's counsel was unable to articulate any genuine prejudice which his client had suffered as a result:

> The prejudice is the fact that . . . my client just has a $10 million lawsuit hanging over its head. It's prejudice to any party . . . to be involved in litigation, it's been prejudiced in excessive attorney's fees being run up filing motions.

Of course, costs and attorney's fees are recoverable under Rule 37. Asked by the court if there would be any problem such as unavailability of witnesses, appellee's counsel candidly replied, "No, no . . . we don't point to that as prejudice because that is not true." Without any indication in the record that appellee was genuinely prejudiced, we can find no "severe circumstances" which would warrant the "draconian" sanction of dismissal. *Ungar Motors, supra,* 463 A.2d at 689.[4]

■■ But even if such circumstances had been present, we would be obliged to reverse for another reason. To ensure that dismissal is ordered only in cases of the most egregious violations of the discovery process, this court has required trial courts to "consider whether less severe and more appropriate sanctions than dismissal were justified." *Koppal v. Travelers Indemnity Co., supra,* 297 A.2d at 339. The trial court must somehow indicate that it has considered the other sanctions authorized by Rule 37. Although it is "not required to state its reasons for choosing dismissal . . . rather than some lesser sanction, a court which fails to state any reasons at all runs a serious risk that its decision will not withstand appellate scrutiny." *Ungar Motors, supra,* 463 A.2d at 689. In this instance the trial court took that ill-advised risk.[5]

■■ While the court was mindful of the well established principle favoring adjudication of any case on the merits,[6] it neglected to state whether it had considered and rejected any lesser sanctions. Although appellants had finally submitted answers to the interrogatories, the court did not even mention, for example, the possibility of simply assessing attorney's fees against them and proceeding with trial. The court's failure to consider lesser sanctions constitutes a separate basis for reversal, independent of whether appellee was prejudiced by appellants' delay.

We therefore reverse the orders dismissing appellants' complaints and remand these cases for further proceedings on the merits.

*Reversed and remanded.*

---

4. We are not saying, of course, that an extraordinarily long delay in complying with a discovery request (far longer than the delay in this case) may never be so inherently prejudicial as to warrant dismissal under Rule 37. Although the general rule is that delay alone will not ordinarily generate the requisite degree of prejudice, *Pollock v. Brown, supra,* an exceptionally long delay may, in an appropriate case, permit a very narrow exception to the rule. We need not attempt to identify here the kinds of extreme circumstances which would justify such an exception, especially when the record in this case affirmatively shows that there was no prejudice at all.

5. In fairness, however, we must mention that the trial court's ruling in this case was made almost four months before we rendered our decision in *Ungar Motors.*

6. *E.g., Jones v. Hunt,* 298 A.2d 220, 221 (D.C. 1972).