James A. HINKLE, et al., Appellants,

v.

SAM BLANKEN & COMPANY, INC., Appellee.

No. 84–684.

District of Columbia Court of Appeals.

Argued Sept. 12, 1985.

Decided April 14, 1986.

* Associate Judges Mack and Terry voted to deny rehearing en banc.

Melvin J. Washington, Washington, D.C., for appellants.

Gary Bonnett, Silver Spring, Md., for appellee.

Before MACK, FERREN and BELSON, Associate Judges.

BELSON, Associate Judge:

Appellants seek reversal of an order entering judgment by default for failure to make discovery in a contract action for the recovery of a commission. We hold that the motions court did not abuse its discretion in entering the default judgment and denying appellants' motion for reconsideration. Accordingly, we affirm.

## I

At issue is the sanction imposed on appellants James A. Hinkle and Wilmer L. Johnson for failure to make discovery. Appellee Sam Blanken & Company, Inc., a business chance broker, initiated the civil action by filing a complaint alleging breach of contract in that appellants had failed to pay appellee a commission it earned by facilitating the sale of a business establishment owned by appellants. Appellants, through counsel, filed a timely answer and a counterclaim alleging breach of fiduciary duty and breach of contract.

Appellee served interrogatories on appellants on July 5, 1983. No answers to these interrogatories were forthcoming. On July 25, 1983, appellants failed to attend depositions noted on July 5, 1983. In late August appellants' original counsel withdrew from the case. Appellee propounded a second set of interrogatories on October 21, 1983. Appellants did not respond to that set of interrogatories either. On November 3, 1983, appellants failed to attend depositions noted on October 21, 1983. Thus, as of November 3, 1983, appellants had twice failed to answer interrogatories and twice failed to attend depositions.

Frustrated by the complete lack of discovery, appellee filed on November 10, 1983, a motion to compel discovery. See Super.Ct.Civ.R. 37(a)(2). Although notified, appellants failed to attend the hearing on appellee's motion to compel discovery held on January 11, 1984. Judge Henry F. Greene, sitting as motions judge, granted appellee's motion to compel discovery. Specifically, Judge Greene ordered appellants to answer the previously propounded interrogatories by January 26, 1984, and attend depositions on January 27, 1984. The order further provided that judgment would be entered on both appellee's complaint and appellants' counterclaim in favor of appellee if either of the directives contained in the order should not be met.

Recognizing that no discovery had yet occurred, despite the fast-approaching trial date of January 26, 1984, appellee moved at

the hearing of January 11, 1984, for a continuance of the trial date. Judge Greene granted this motion on the same day it was made.

Although appellants acknowledge receipt of the January 11, 1984, discovery order by January 24, 1984, appellants neither answered interrogatories by January 26, 1984, nor sought a protective order to forestall the imposition of a default judgment against them as called for in the January 11, 1984, discovery order. On January 27, 1984, appellants did appear at the place designated for the taking of their depositions, but objected to being deposed.[1] Consequently, no depositions were taken.

Appellee served a motion for judgment against appellants on March 7, 1984, and advised both appellants and their second counsel that it would bring the motion before the court as a preliminary matter on March 13, 1984. Following an adversary hearing on that date, Judge Tim Murphy entered judgment on appellee's complaint and appellants' counterclaim in favor of appellee.[2] After another hearing conducted on April 30, 1984, Judge Murphy denied appellants' motion for reconsideration of the order of judgment.

## II

Appellate review of a court's imposition of Rule 37 sanctions, including the ultimate sanction of dismissal, is confined to determining whether or not the court abused its discretion in imposing a particular sanction or set of sanctions. *See, e.g., Pollock v. Brown*, 395 A.2d 50, 52 (D.C. 1978). We now turn to consider whether an abuse of discretion occurred at any of the critical junctures in the proceedings: the January 11 discovery order, the March 13 entry of default judgment against appellants, or the April 30 denial of appellants' motion for reconsideration. Our review of the record, which bristles with instances of appellants' disregard of the rules and orders of the court, persuades us that no abuse of discretion occurred.

By the time this case reached Judge Greene on January 11, 1984, appellants already had failed entirely to respond to two sets of interrogatories and had failed to appear for depositions on two separate occasions. In addition, appellants failed to appear on January 11 at the hearing on appellee's motion to compel discovery. Faced with this situation, and reminded by appellee's counsel that the court had a range of Rule 37 sanctions from which to choose, Judge Greene decided to issue a discovery order which provided for the sanction of judgment in favor of appellee in the event appellants failed to comply with the discovery order.[3] Under the circumstances, we cannot say that Judge Greene

1. Replacement counsel, whom appellants apparently retained after receiving a copy of the January 11, 1984, discovery order, voiced appellants' objections to being deposed. Appellants' objection to the depositions was that they were noticed to be taken in Maryland, where both appellants resided, rather than in the District of Columbia. Appellants did not seek a protective order before the date of the depositions.

   Although replacement counsel asserted that he was representing appellants, he admitted that he had not yet filed a praecipe with the court to that effect. Appellants evidently chose to proceed without counsel during the period between the withdrawal of original counsel on August 28, 1983, and replacement counsel's assumption of representation in January 1984.

2. No hearing on damages was necessary. The complaint was sworn. The parties do not dispute the amount of money to which appellee was entitled under the contract, assuming that appellee prevailed.

3. Super.Ct.Civ.R. 37(b)(2)(C) reads in pertinent part:

   FAILURE TO MAKE OR COOPERATE IN DISCOVERY: SANCTIONS (b) FAILURE TO COMPLY WITH ORDER.

   \* \* \* \* \* \*

   (2) SANCTIONS BY THIS COURT. If a party ... fails to obey an order to provide or permit discovery, ... the court [in which the action is pending] may make such orders in regard to the failure as are just, and among others the following.

   \* \* \* \* \* \*

   (C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party ...

abused his discretion in issuing that discovery order.

As recited in Part I of this opinion, January 26 and 27, 1984, passed without appellants' filing answers to interrogatories or submitting to depositions. At the time Judge Murphy conducted the March 13, 1984, hearing on appellee's motion for judgment, appellants' failure to give discovery remained total, in plain contravention of Judge Greene's discovery order. Judge Murphy stated that he would follow Judge Greene's directive unless given a reason to depart from this course. Indeed, had appellants proffered a compelling excuse for their behavior, Judge Murphy could have decided to impose no sanctions and could have given appellants more time to make discovery. Appellants, through counsel, failed to offer a legitimate excuse, arguing that the discovery order was invalid and that answers to interrogatories were not filed because appellants believed a settlement had been reached on January 27, 1984. As Judge Murphy noted, appellants never sought a protective order or filed a praecipe of settlement, leaving appellants without justification for their utter failure to comply with the discovery order. In light of all of the above, we cannot say that Judge Murphy abused his discretion in entering judgment in favor of appellee.

■ On April 30, 1984, Judge Murphy conducted a hearing on appellants' motion for reconsideration of the entry of judgment in favor of appellee. After hearing oral argument, Judge Murphy denied the motion for reconsideration. His finding of a "flagrant violation of the discovery rules" in that appellants failed "to comply with all reasonable requests" is well supported by the record. Moreover, we deem Judge Murphy's conclusion that "the harsh remedy reached [default judgment] is necessary" to be within his discretion under the severe circumstances of this case.

■ We are mindful that this court has taken the position that the ultimate discovery sanction of dismissal is reserved only for cases where the court imposing the sanction has "somehow indicate[d] that it has considered the other sanctions authorized by Rule 37." *Braxton v. Howard University,* 472 A.2d 1363, 1366 (D.C.1984); *accord Vernell v. Gould,* 495 A.2d 306, 311 (D.C.1985). This court has also made clear that a court's failure to make explicit its reasons for choosing dismissal over other available sanctions does not automatically warrant reversal on appeal. *Braxton,* 472 A.2d at 1366 (citing *Ungar Motors v. Abdemoulaie,* 463 A.2d 686, 689 (D.C.1983). Given that Judge Greene issued the discovery order in this case after a colloquy in which it was stated that he had the discretion to incorporate a lesser sanction in the discovery order, Judge Murphy entered judgment in favor of appellee only after acknowledging he had discretion to do otherwise for good reason shown, and Judge Murphy stated that the flagrant nature of appellants' conduct justified the denial of appellants' motion to reconsider, we are satisfied that the *Braxton* requirement of some indication of consideration of alternative sanctions was met in this case.

■ This court has also taken the position that the dismissal sanction " 'should be granted only upon a showing of severe circumstances.' " *Ungar Motors,* 463 A.2d at 688, quoting *Koppal v. Travelers Indemnity Co.,* 297 A.2d 337, 339 (D.C.1972). Although this court has not adopted a formal definition of "severe circumstances," two factors have figured prominently in our analyses: "whether the opposing party suffered any prejudice as a result of the failure to provide discovery and whether that failure was willful." *Braxton,* 472 A.2d at 1365. Our review of the record in light of these factors persuades us that this is a case where "severe circumstances" existed.

There can be no doubt that appellants' persistent non-compliance with discovery requests was willful, in view of this court's definition of that term: " 'A conscious or intentional failure to act, as distinguished from an accidental or involuntary non-com-

pliance....'" *Id.* (citations omitted). As this court recognized in *Braxton,* willfulness alone, even without a showing of prejudice to the opposing party, can warrant dismissal, particularly where, as here, there has been an order compelling discovery. *Id.* While it would be possible for us to hold that the willfulness of appellants' conduct alone constituted "severe circumstances" justifying the sanction of a default judgment, we observe that appellee suffered prejudice due to appellants' failure to make discovery. Not only did appellee endure over 8 months of frustration waiting in vain for responses from appellants, appellee also lost an opportunity to

obtain a money judgment on January 26, 1984, because appellants' delay caused postponement of the original trial date. Under all the circumstances, we perceive no abuse of discretion by the trial court.[4] Accordingly, the judgment order of appeal is

*Affirmed.*

---

**4.** It should also be noted that this court has seen fit to affirm the imposition of the dismissal sanction in cases arguably less severe than this one. *See, e.g., Firestone v. Harris,* 414 A.2d 526 (D.C.1980) (deliberate failure to provide appellee with complete answers to interrogatories despite a court order to do so); *Himmelfarb v. Greenspoon,* 411 A.2d 979 (D.C.1980) (same conduct as in *Firestone* ). In this case, appellants totally ignored all requests for discovery by appellee *and* disobeyed a court order compelling discovery. *Cf. Haynes v. District of Columbia,* 503 A.2d 1219 (D.C.1986) (reversal of dismissal sanction for insufficient prejudice where appellant provided incomplete response to discovery requests and case dismissed less than 4 months after request for complete responses).