**Bernard O. TAYLOR, Appellant,**

v.

**Thomas CARRENO, M.D., et al., Appellees.**

**No. 84–1570.**

District of Columbia Court of Appeals.

Argued Nov. 12, 1986.
Decided July 30, 1987.

Reginald L. Holt, Washington, D.C., for appellant.

Kenneth W. Curtis, Arlington, Va., for appellees.

Before NEBEKER, BELSON and TERRY, Associate Judges.

PER CURIAM:

This is an appeal from an order of the trial court *sua sponte* dismissing appellant's medical malpractice action against two doctors and a hospital.[1] The principal basis for the dismissal, it appears, was appellant's failure to file a statement under Super.Ct.Civ.R. 26(b)(4) naming his expert witnesses and stating the substance of their expected testimony. Appellant had been ordered to file such a statement by July 6, 1984, but he never filed it and never sought an extension. On September 17, more than two months after the deadline set by the court, appellees filed a motion to preclude appellant from introducing any expert testimony.

Present at the hearing on that motion were appellant, his former counsel, William Temple,[2] and counsel for appellees, the two

1. The hospital was never served with appellant's amended complaint. It did not appear at the hearing below, nor is it a party to this appeal.

2. Although Mr. Temple had been dismissed from the case by appellant four months earlier, he was nevertheless present at the hearing, apparently because he had been requested by the court to attend. It was Mr. Temple who had prepared and filed an amended complaint after appellant's original *pro se* complaint had been dismissed. In the course of the hearing, it became evident that appellant was still dissatisfied with Mr. Temple's services. Under these circumstances Mr. Temple was unwilling to continue as his attorney, and the court allowed Mr. Temple to withdraw from the case. Appellant is represented by different counsel on this appeal.

doctors. In explaining why he had not filed a Rule 26(b)(4) statement, Mr. Temple presented the court with a two-page unsworn report from Dr. David Nashel, an associate professor of medicine at Georgetown University School of Medicine, which stated that appellant's illness could not reasonably be ascribed to the treatment on which he based his malpractice claim.[3] Mr. Temple added that he had consulted another doctor whose views were in agreement with those of Dr. Nashel. Appellant told the court, however, that there was yet another doctor, whom he named, who would support his claim. He also said that his records at the Veterans Administration hospital had been "switched" so that the doctor whom he had expected to review them had not been able to do so.

After further discussion, the court dismissed appellant's complaint (including the counts relating to the hospital, which had never been served with process) because of his failure to file the Rule 26(b)(4) statement and "because there is no merit in the case." Counsel for the doctors offered to file a motion for summary judgment, but the court declined the offer, opting instead for an outright dismissal. The court told appellant that it would entertain a motion for reconsideration within thirty days if he could obtain new counsel to "make a representation to reinstate [the complaint]." Finally, the record shows that under a previous order, discovery was not scheduled to be completed for another five weeks.

In summary, what we have here is a plaintiff unrepresented by counsel (see note 2, *supra*), telling the court that he had been frustrated in his attempts to have his medical records reviewed by a doctor who he believed would support his claim. Although the record contains a set of interrogatories and the docket reflects the noting of a deposition, neither that deposition nor the answers to the interrogatories, nor any affidavit or anything else under oath, was before the trial court at the time it dismissed appellant's case. Appellant argues forcefully that he has not yet had the day in court to which he is entitled. We agree.

■ The apparent basis for the dismissal of appellant's complaint was his failure to comply with a discovery order—specifically, to file a Rule 26(b)(4) statement by July 6, as the court had directed him to do. This court has often recognized that the trial court has the power to dismiss a case in such circumstances under Super.Ct. Civ.R. 37(b)(2)(C), and that its decision to do so is subject to review only for abuse of discretion. *E.g., Himmelfarb v. Greenspoon,* 411 A.2d 979, 982 (D.C.1980); *Dodson v. Evans,* 204 A.2d 338, 341 (D.C.1964). We have also held, however, "that a trial court abuses its discretion if it fails to consider lesser sanctions before dismissing an action under Rule 37, or if there is no 'showing of severe circumstances' which would justify dismissal." *Braxton v. Howard University,* 472 A.2d 1363, 1365 (D.C. 1984) (citation omitted). Although we have never precisely defined what would constitute "severe circumstances," we have generally considered two factors in deciding whether such circumstances exist in a particular case: "whether the opposing party suffered any prejudice as a result of the failure to provide discovery, and whether that failure was willful." *Id.; accord, Hinkle v. Sam Blanken & Co.,* 507 A.2d 1046, 1049 (D.C.1986). In this case neither factor is present. The record discloses no prejudice at all to the appellees, and there is no evidence that appellant willfully failed to file the Rule 26(b)(4) statement. Instead, it appears that he had difficulty in finding an attorney to represent him, and consequently was unable to file the statement on time. Furthermore, there is nothing in the record to indicate that the court ever considered any sanction other than dismissal. Its failure to do so is an additional, independent ground for reversal.

---

**3.** Appellant alleged that certain treatment and medication which he had received in 1977 for asthma had caused him to develop a degenerative hip disease. Dr. Nashel stated in his report, however, that he had not reviewed any of appellant's x-rays prior to 1980 because they had not been made available to him. He suggested that if there were any hip x-rays prior to 1980, "these should be made available and reviewed."

*Shimer v. Edwards,* 482 A.2d 399 (D.C. 1984); *Braxton v. Howard University, supra,* 472 A.2d at 1366; *Ungar Motors v. Abdemoulaie,* 463 A.2d 686, 689 (D.C. 1983).

█ The court's observation that there was "no merit in the case" cannot justify its dismissal of the complaint because there was no evidence before the court to support such a conclusion. The merits of appellant's claim had yet to be revealed. No witnesses had testified, and no depositions, answers to interrogatories, or affidavits had been filed. Moreover, the court did not make any inquiry into appellant's claims that both doctors had failed to obtain his informed consent.[4] Neither the trial court nor this court can say, at this stage of the proceeding, that appellant's case has "no merit." *See Moore v. Moore,* 391 A.2d 762, 771–772 (D.C.1978) (court improperly decided issues upon an incomplete factual record).

The better course would have been to accept the offer of appellees' counsel to file a motion for summary judgment after discovery had been completed. The court's dismissal of appellant's complaint *sua sponte* was not warranted, either under Rule 37 or on any other ground that we can discern from the record. We are sensitive to the trial court's ever-growing caseload and to the urgent need for individual judges to dispose of the cases on their calendars as quickly and fairly as possible. In this case, however, we conclude that appellant must be given an opportunity, which he has not yet had, to have his claim resolved on the merits.

We therefore reverse the order of dismissal and remand this case to the trial court with directions to reinstate the complaint and to proceed with discovery. In doing so, we admonish appellant that his past derelictions must not be repeated, and that

his compliance with discovery orders must be prompt and responsive.

*Reversed and remanded.*

---

4. Counts two and five of the complaint alleged that the two doctors had failed to disclose the risks involved in taking the prescribed medication or to secure appellant's informed consent. Independent expert testimony is not always required to support a claim of lack of informed consent. *Abbey v. Jackson,* 483 A.2d 330, 333 (D.C.1984). Appellant could have tried to establish the risks involved and the absence of informed consent through the testimony of the doctors themselves. Because Rule 26(b)(4) expert witness statements were not mandatory for these two counts, their dismissal under Rule 37(b)(2)(C) was inappropriate; these claims, at least, warranted further inquiry. *See Johnson v. United States,* 398 A.2d 354, 366 (D.C.1979).