**DISTRICT OF COLUMBIA, et al., Appellants,**

v.

**Nathaniel GREENE, Appellee.**

**Nathaniel GREENE, Appellant,**

v.

**DISTRICT OF COLUMBIA, et al., Appellees.**

**Nos. 84–419, 84–607.**

District of Columbia Court of Appeals.

Submitted Nov. 17, 1987.
Decided March 21, 1988.

William E. Findler, Arlington, Va., was on the brief for Nathaniel Greene and Andrew C. Biscula entered an appearance for Nathaniel Greene.

Frederick D. Cooke, Jr., Corp. Counsel, with whom Charles L. Reischel, Deputy Corp. Counsel, Lutz Alexander Prager, Asst. Deputy Corp. Counsel, and Charlotte Brookins–Pruitt, Asst. Corp. Counsel, Washington, D.C., were on the brief, for District of Columbia, et al.

Before BELSON and STEADMAN, Associate Judges, and REILLY, Senior Judge.

BELSON, Associate Judge:

The District of Columbia challenges an order entering a default on liability as a sanction under Superior Court Civil Rule 37 for its failure to respond promptly to interrogatories in a tort action filed against the District by Nathaniel Greene. The District seeks reversal of the judgment in the amount of $43,600 entered after a jury trial on the issue of damages conducted pursuant to the default or, in the alternative, a reduction in the damages awarded. In his cross-appeal, Greene asserts that the trial court erred in denying his motion for attorney's fees under 42 U.S.C. § 1988 (1982). We hold that the motions judge abused his discretion in entering the default, and remand the case for further proceedings. In view of this disposition, we do not reach the questions of the asserted excessiveness of damages or Greene's entitlement to attorney's fees.

On May 6, 1981, Greene filed suit against the District of Columbia to recover damages for injuries allegedly inflicted on him

by unnamed police officers during his arrest and interrogation on an assault charge. On July 1, 1981, Greene served interrogatories and a request for production of documents on the District. Although the District's answers were due in early August, *see* Super.Ct.Civ.R. 6, 33(a)(2), on July 28, the District filed a motion for extension of time on the ground that it was having difficulty locating information about the incident because the police officers charged with misconduct had not been named and more officers apparently were involved than initially expected. A motions judge granted the motion and extended the time for the District's response to September 8, 1981.

The District did not respond by the date ordered. On September 25, 1981, Greene filed a Rule 37(a) motion to compel, stating that he was unable to put his case at issue without the information requested. Attached to the motion to compel was a prepared order with a space for awarding "expenses" in connection with the motion. The District opposed the motion, explaining that it had been unable to complete its response because of its heavy workload, but assuring that the answers would be furnished by October 20. Nevertheless, the District failed to furnish the answers by that date because the attorney assigned to the case had become sick and was on leave. On November 10, Judge Tim Murphy, sitting as motions judge, issued without a hearing an order compelling the District to have responded by *October 20.* This order also specified that Greene could apply in open court for a default judgment if the District had not filed its responses by that date. Judge Murphy's order did not

award the "expenses" sought by Greene in his prepared motion.

The District received its copy of the order to compel on November 16. Because the Assistant Corporation Counsel assigned to the case was still on extended sick leave, his supervisor immediately called Greene's attorney to discuss the situation. Greene's attorney gave an oral commitment that he would not apply for a default if the answers were delivered to him by November 20, a Friday. After retrieving the file and draft answers from the absent assistant, the Office of Corporation Counsel filed its answers to Greene's interrogatories on the morning of November 23, a Monday. Later that day, Greene's counsel, although aware that the answers had been filed, informed Corporation Counsel that he would seek a default judgment in open court the next day because the oral commitment had not been met. Judge Murphy heard the motion for default judgment on November 24. During the course of the hearing, the motions judge heard the reasons for the District's delay in answering the interrogatories but there was no discussion of prejudice to Greene or of lesser sanctions. The motions judge indicated that he would grant the motion, but then took it under advisement when he terminated the hearing. On December 11, 1981, without making any specific finding of willfulness or prejudice, and without discussing and rejecting any lesser sanctions, Judge Murphy issued a written order entering a default as to liability against the District and setting a hearing on damages.

Rule 37 allows the trial court to impose a variety of sanctions for discovery abuse, including entry of default judgment.[1] En-

---

1. Super.Ct.Civ.R. 37 provides in pertinent part:

    (b) *Failure to comply with order.*

    \* \* \* \* \* \*

    (2) Sanctions by this Court. If a party ... fails to obey an order to provide or permit discovery ... the Court may make such orders in regard to the failure as are just, and among others the following:

    (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

    (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

    (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

    \* \* \* \* \* \*

    (d) *Failure of party to attend at own deposition or serve answers to interrogatories or re-*

try of a default or a default judgment,[2] like dismissal, is an extreme sanction, however, that should be imposed only upon a "showing of severe circumstances." *Ungar Motors v. Abdemoulaie*, 463 A.2d 686, 688 (D.C.1983) (quoting *Koppal v. Travelers' Indem. Co.*, 297 A.2d 337, 339 (D.C.1972)); *see also Hinkle v. Sam Blanken & Co.*, 507 A.2d 1046, 1049 (D.C.1986). Although we have prescribed no set formula for what constitutes "severe circumstances," two factors that are often significant are "whether the opposing party suffered any prejudice as a result of the failure to provide discovery and whether that failure was willful." *Braxton v. Howard Univ.*, 472 A.2d 1363, 1365 (D.C.1984); *see also Hinkle, supra*, 507 A.2d at 1049. We have described willfulness in this context as including "[a] conscious or intentional failure to act." *U.S. Merchandise Mart, Inc. v. D & H Distributing Co.*, 279 A.2d 511, 513 (D.C.1971) (quoting *United States ex rel. Weston & Brooker Co. v. Continental Casualty Co.*, 303 F.2d 91, 92–93 (4th Cir. 1962)); *see also Ungar Motors, supra*, 463 A.2d at 688 & n. 9.

In this case, there is no indication of prejudice to Greene or willfulness on the part of the District. The case was still relatively new and, although Greene was entitled to discovery in order to prepare his case for trial, no trial date had been set by the time of the default order. In fact, the answers to the interrogatories had been filed before Greene moved for a default. There was no discussion at the hearing before Judge Murphy about any prejudice Greene had suffered.

Nor is there evidence that the District consciously disregarded its obligation to respond. Although the District should have been more prompt in filing its answers, it appears that one of the reasons given for the District's tardiness, the illness of the attorney assigned to the case, provided reasonable explanation for at least part of the delay. Once the District received the order granting the motion to compel, which was issued and received after the date by which the order required compliance, the Office of Corporation Counsel took immediate steps to file its answers.

We have held the trial court abuses its discretion, *see generally Johnson v. United States*, 398 A.2d 354, 365–66 (D.C.1979), if it fails to consider whether less severe sanctions would be more appropriate. *Shimer v. Edwards*, 482 A.2d 399, 401 (D.C.1984); *Braxton, supra*, 472 A.2d at 1365; *Ungar Motors, supra*, 463 A.2d at 688–89; *Koppal, supra*, 297 A.2d at 339. In this case there is no indication in the record that the motions judge considered lesser sanctions. In fact, he did not refer to the suggestion of the lesser sanction of an award of attorney's fees which Greene included in his motion to compel. "While a trial court is not required to state its reasons for choosing dismissal or a default judgment rather than some lesser sanction, a court which fails to state any reasons at all runs a serious risk that its decision will not withstand appellate scrutiny." *Ungar Motors, supra*, 463 A.2d at 689; *see also Braxton, supra*, 472 A.2d at 1366. Here, the motions judge ought to have given some explanation for choosing the ultimate sanction of default. Lacking any such explanation, we must weigh the gravity of the sanction imposed against the absence of willfulness on the part of the District, prejudice to Greene, or other "severe circumstances" that attended the District's tardy filing. Under the circumstances, we hold that the trial court abused its discretion in entering the default.

---

*spond to request for inspection.* If a party ... fails ... to serve answers or objections to interrogatories ... the Court on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this Rule. In lieu of any order or in addition thereto, the Court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

2. A default, rather than a default judgment, is appropriate when it is necessary to hold a hearing in order to fix damages before judgment can be entered.

We therefore reverse the judgment and remand for further proceedings on the merits.

*Reversed.*