Herbert ROTHBERG, Appellant/Cross–
Appellee,

v.

QUADRANGLE DEVELOPMENT
CORP., et al., Appellees/Cross–
Appellants.

Nos. 92–CV–1145, 92–CV–
1215 and 93–CV–688.

District of Columbia Court of Appeals.

Argued Jan. 24, 1994.

Decided July 28, 1994.

Philip A. Gagner, Washington, DC, for appellant.

Anthony A. Lapham, Washington, DC, for appellees and cross-appellants Quadrangle Development Corp., Robert M. Gladstone, and 9E, Inc.

David P. Durbin, Washington, DC, for appellee and cross-appellant Ronald D. Abramson.

Before FERREN, and STEADMAN, Associate Judges, and KERN, Senior Judge.

STEADMAN, Associate Judge:

This is an appeal[1] from the trial court's dismissal with prejudice of appellant's amended complaint following the failure to timely file a proper Super.Ct.Civ.R. 24(c) pleading in intervention, in accordance with the trial court's previous order which had specifically warned that such a dismissal would be the consequence of a failure to comply. We affirm.

I.

Appellant filed his initial complaint in this civil action against the appellees on October 5, 1990, and an amended complaint on October 31, 1990.[2] A series of discovery actions ensued, marked by appellant's continual intransigence. Although the trial court denied appellees' motion to dismiss on that basis on October 1, 1991, the court stated that "[it] views [appellant's] excuses for non-compliance as insufficient and somewhat disingenuous.... [T]he Court will consider appropriate sanctions if the documents are not produced forthwith."

Although appellant had made no mention of the fact in either complaint, it turned out

---

1. This appeal was originally brought in the name of both appellant Rothberg and the trustee in bankruptcy, John Guinee. Both in the brief and at oral argument, counsel (who had represented both parties throughout) acknowledged that the appeal is now pursued only by Rothberg. See note 16, *infra*. We therefore refer to him as the sole appellant. In view of our disposition of the appeal, we need not address appellees' purely protective cross-appeal.

2. The complaint, as amended, sought compensatory damages in excess of $20 million and punitive damages of $40 million against six defendants, alleging various contract and tort causes of action arising out of a real estate development.

that in December 1989, appellant had filed for chapter 11 bankruptcy protection and a trustee in bankruptcy, John Guinee, was appointed on October 29, 1990. Accordingly, in a further order on October 1, 1991, the trial court granted appellees' *unopposed* motion to dismiss on the basis that the trustee in bankruptcy and not appellant was the real party in interest under Super.Ct.Civ.R. 17(a).

Appellant and the trustee thereupon filed a *joint motion to vacate the October 1, 1991* order of dismissal. On January 31, 1992, the trial court entered an order holding this motion in abeyance and requiring the trustee to file a pleading, pursuant to Super.Ct.Civ.R. 24(c), describing its claims of intervention, and to notify the court of its intention to intervene by February 14, 1992 *or the court's* earlier order of dismissal would stand.[3]

In response, the trustee on February 28, 1992, filed a "Motion to Intervene and Statement" pursuant to Super.Ct.Civ.R. 24(c) purporting to comply with the court's January 31, 1992 order. On May 7, 1992, the trial court reinstated the civil action as to all defendants except Luther H. Hodges, Jr. and Harold Gordon[4] and granted the trustee's motion to intervene conditionally. The trial court found that the trustee's statement of February 28, 1992 regarding which claims he intended to pursue was not a "pleading" under Rule 24(c),[5] and therefore made the grant of the motion to intervene expressly contingent upon the filing of a proper 24(c) pleading. Most importantly, the court ordered that the proper 24(c) pleading "must be filed on or before 4:00 p.m., May 22, 1992 or the case will be dismissed with prejudice as to all defendants."

In addition, because the trustee had not complied with the $500 sanction imposed in the October 1, 1991 order, see note 3, *supra,* the court again ordered the trustee to pay the sanction on or before July 10, 1992 or judgment would be entered against him. The court further warned that "if the Trustee at some future point in time abandons the claim(s) then [appellant], with or without counsel, must proceed without any delay whatsoever. There will be no further extensions of any kind." The court also imposed another $500 sanction payable by June 12, 1992, for "[appellant's] flagrant disregard for discovery deadlines" and the necessity of two motions to dismiss to compel compliance.[6] The trial court cautioned that "this case has been plagued with a lack of prosecution and subsequent last minute efforts to move forward when pushed to do so by the defendants. As previously indicated, no further

---

3. The trial court noted that despite being properly served with the motion to dismiss the trustee and appellant failed to file an opposition or a request for extension of time to respond. The motion to vacate failed to offer any reason for the delay in responding to the earlier motion to dismiss. The trial court continued:

> In addition, the Court notes that [appellant] has been less than diligent in the prosecution of this case thereby necessitating [appellees] to incur otherwise unnecessary costs. [Appellant] has failed to timely comply with discovery requests and only upon the filing of a motion to dismiss based on non-compliance with discovery did [appellant] produce some responses. Nevertheless, [appellees] incurred costs associated with the filing of the motion to dismiss for non-compliance with discovery. Furthermore, [appellees] have incurred costs in opposing the current motion to vacate which would have been unnecessary had [appellant] or the trustee timely responded to [appellees'] motion to dismiss for lack of a real party in interest.

(footnote omitted). The trial court ordered the trustee, if he chose to pursue the case, to pay costs of $500, which included attorney's fees,

incurred by the appellees in opposing the motion to vacate.

4. The motion to intervene indicated that the trustee did not intend to pursue any claims against defendants Gordon and Hodges. The January 31, 1992 order provided that "any claims which [were] not adopted by the Trustee remain dismissed as the Trustee has not abandoned those claims through the Bankruptcy Court."

5. That rule requires that a motion to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."

6. On February 6, 1992, appellees Quadrangle Development Corporation, Robert M. Gladstone, and 9E, Inc. had filed a renewed motion to dismiss for failure to provide responses to the requests for production of documents. As of that date, appellant had failed to comply with the request for production of documents and two court orders imposing deadlines for compliance. Despite these delays, the trial court on May 7, 1992, denied the renewed motion to dismiss.

delays will be tolerated and any lack of prosecution will result in dismissal with prejudice as to all remaining defendants."

Nonetheless, the trustee failed to file the 24(c) pleading by the court-imposed deadline. On June 22, 1992, the trial court denied appellant's motion to file the 24(c) proposed pleading out of time based on the record in this case and the very explicit orders of the trial court.[7] The trial court noted that "there ha[d] been 'flagrant disregard for discovery deadlines,' imposition of sanctions, lack of prosecution by the plaintiff, and 'last minute efforts to move forward when pushed to do so by the defendants.'" The trial court also found that:

> Judge Kollar-Kotelly [8] extended deadlines on several occasions for the plaintiff and finally, on May 7, 1992, entered a specifi'c Order, detailing the inadequacies of the handling of plaintiff's claims, and gave plaintiff a final opportunity to present his claims in cognizable and proper form to the Court. She ordered that the Trustee's motion to intervene could be granted "contingent on the Trustee's filing of a proper pleading on or before May 22, 1992." Moreover, she explicitly warned the trustee that "no further delays will be tolerated and any lack of prosecution will result in a dismissal with prejudice as to all remaining defendants." Her order could not have been clearer.

7. Appellant admitted that the statement pursuant to 24(c) was filed at least several hours late. Because the statement was delivered to the guard's desk at the courthouse, there was no time-stamp and thus it was impossible to tell at what hour the papers were filed. The trial court noted that "[f]or all official purposes, however, they [the papers] [were] deemed filed as of May 26, 1992." In any event, there is no doubt that the filing was untimely. As with statutes of limitations and notices of appeal, a bright line divides compliance and noncompliance; one waits until the last minute at one's peril, especially when the sanction is clear.

8. Judge Kollar-Kotelly was the first motions judge but she recused herself in May 1992 and the case was reassigned to Judge Kessler.

9. The Order provided:
   An order entered by this Court on May 7, 1992 provided that, if the trustee ... did not file a pleading by 4:00 p.m. on May 22, 1992,

The trustee still could not manage to comply. He failed to file "a pleading" which he had been ordered to do on at least two separate occasions by Judge Kollar-Kotelly. More importantly, he again failed to meet the Court-ordered deadline and failed to file his papers (inadequate as they were) by the close of business on May 22, 1992. Given the record in this case, and the very explicit Orders, this Court concludes that there is good cause to deny the Trustee's Motion for Leave to File, Time Having Expired.

On August 14, 1992, the trial court denied appellant's motion to reconsider and, after considering the entire record, dismissed the reinstated complaint with prejudice.[9]

## II.

### A.

Appellant first asserts that the trial court erred in its original conclusion that the trustee was the real party in interest and requiring intervention by the trustee.[10] The trial court's ruling was correct.

■■■■■ It is clear that appellant's right in any cause of action against the appellees, which existed in October 1989 when appellant filed the bankruptcy petition, passed to the trustee as an asset of the bankruptcy estate. 11 U.S.C.A. § 541(a)(1) (1993); *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir.1988); *see* 2

"this case will be dismissed with prejudice as to all defendants."
   The Trustee did not file a pleading by the May 22, 1992 deadline, and the Trustee's Motion For Leave to File, Time Having Expired was denied by order of this Court entered on June 22, 1992.
   Accordingly, IT IS HEREBY ORDERED, pursuant to the terms of the order of May 7, that this action, as against all defendants, is dismissed with prejudice.
As a footnote in the court's own handwriting, the court added: "The Court has considered the Request for Entry of Order, the Opposition thereto, and the entire record herein."

10. Appellant's alternative argument that the proper method of bringing the trustee into the civil action was through substitution, under Super.Ct.Civ.R. 25(c), was not presented to the trial court and thus not properly preserved for appeal. *Miller v. Avirom*, 127 U.S.App.D.C. 367, 369–70, 384 F.2d 319, 321–22 (1967).

COLLIER BANKRUPTCY MANUAL § 541.03 (3d ed. 1994). Thus the trustee and not appellant as the debtor became the real party in interest, and appellant lost his standing to bring or maintain the cause of action. *See Jones*, 858 F.2d at 669.

■ Because appellant's cause of action had become the property of the estate, the trustee was given full authority over it. *Steyr–Daimler–Puch of America Corp. v. Pappas*, 852 F.2d 132, 136 (4th Cir.1988). In order for a bankrupt to bring or continue a cause of action in such circumstances, the trustee must abandon the cause of action. *Id.*; *Scharmer v. Carrollton Mfg. Co.*, 525 F.2d 95, 98 (6th Cir.1975) (trustee with the approval of bankruptcy court may elect to abandon assets of debtor); *Taylor v. Swirnow*, 80 F.R.D. 79, 82 (D.Md.1978) (debtor cannot bring suit unless the trustee abandons the cause of action).

■ Abandonment is governed by 11 U.S.C.A. § 554 and 11 U.S.C.A. R. 6007.[11] Abandonment may be accomplished in three ways: (1) a proposed abandonment where the trustee files notice of abandonment in accordance with R. 6007(a);[12] (2) a compelled abandonment, where a party in interest may file with the bankruptcy court a motion to compel the trustee to abandon property pursuant to § 554(b); or (3) abandonment by operation of law pursuant to § 554(c).[13] *See* COLLIER, *supra*, § 554.04; 9 AM.JUR.2D *Bankruptcy* § 1040 (1991). Here, no notice of abandonment,[14] motion to compel or order of abandonment was extant when the trial court made its initial determinations with respect to the real party in interest on October 1, 1991 nor its rulings with respect to the motion to vacate[15] on January 31, 1992 and on May 7, 1992, where the trial court directed the trustee to file a proper 24(c) pleading.[16]

### B.

■ Appellant next asserts that the first Motion to Intervene and Statement filed February 28, 1992 was a sufficient pleading under Super.Ct.Civ.R. 24(c), and that the trial court erred in concluding to the contrary. The proposed pleading accompanying a motion to intervene must generally comply with Super.Ct.Civ.R. 7(a), 8, and 10 dealing

11. Prior to the adoption of former Bankruptcy Rule 608 in 1973, there was no statutory provision governing abandonment. *In re Trim–X, Inc.*, 695 F.2d 296, 300 (7th Cir.1983). Thus, prior to that point, confusion developed as to the need for formal action prior to effective abandonment. *Id.* The adoption of § 554 and rule 6007 clarified the uncertainty. *See, e.g., Steyr–Daimler–Puch of America Corp.*, 852 F.2d at 136; *In re Teltronics Service Inc.*, 762 F.2d 185, 189–90 (2d Cir.1985) (no trustee abandonment where no approval of such abandonment was granted by bankruptcy court); *Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129, 131–32 (2d Cir.1984) (for abandonment, "some proceeding in bankruptcy court must take place"). Almost all of the cases relied on by appellant pre-date the 1973 provisions; the two later cases cited turn on different issues than those before us.

12. Once the trustee has given notice of the proposed abandonment, a party in interest may object within 15 days of the mailing of the notice or as otherwise directed by the court. R. 6007(a). If no objection is made, no hearing or court order is required. COLLIER, *supra*, § 554.02; *Trim–X, Inc.*, 695 F.2d at 300.

13. Any property scheduled under 11 U.S.C.A. § 521(1) but not otherwise administered at the time of the closing of the case is deemed abandoned to the debtor. 11 U.S.C.A. § 554(c).

14. A letter from the trustee to appellant's counsel dated October 7, 1991 indicated that he would "request of the bankruptcy court permission to abandon the claims to [appellant]," but for effective abandonment, the trustee must not only profess an intent to abandon but must provide notice to all creditors and otherwise comply with the applicable statute and rules. *In re Baudoin*, 981 F.2d 736, 739 n. 4 (5th Cir.1993); *Seward v. Devine*, 888 F.2d 957, 963 (2d Cir.1989). Further, the trustee actively took subsequent steps seeking to intervene in the instant litigation.

15. In reviewing the motion to vacate the order of dismissal on the ground that the trustee was the real party in interest, the trial court could properly inquire into the trustee's intentions: whether the trustee intended to intervene in the cause of action or abandon it.

16. On May 22, 1992, the trustee filed a motion for leave to abandon the cause of action with the bankruptcy court, which was granted on June 28, 1992. No argument was made by appellant to the trial court or on appeal that this action affected the rulings before us here.

with pleadings.[17] *Sanders v. John Nuveen & Co.*, 463 F.2d 1075, 1082 (7th Cir.) ("The pleading should be one of those described in Fed.R.Civ.P. 7(a) so that all parties understand the position, claims and nature of relief sought by the prospective intervenors"), *cert. denied,* 409 U.S. 1009, 93 S.Ct. 443, 34 L.Ed.2d 302 (1972); 3B JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 24.14 (2d ed. 1993) ("Ordinary rules of procedure control the interpretation of the pleading"). The pleading should set up the interest of the movant just as the original complaint. *Babcock v. Town of Erlanger,* 34 F.Supp. 293, 295 (E.D.Ky.1940). A pleading must give fair notice of the material elements of a plaintiff's claim or a defendant's defense. 2A JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 8.13 (2d ed. 1993); *Scott v. District of Columbia,* 493 A.2d 319, 323 (D.C. 1985) (under Rule 8(a), (e), complaint is sufficient so long as it fairly puts defendant on notice of claim against him).

■ Here, the form of appellant's so-called statement [18] did not resemble a complaint or answer. *See Sanders,* 463 F.2d at 1082. Furthermore, the statement did not disclose the name of the trustee, the time and manner of appointment, the trustee's role or authority to act nor the trustee's position on abandonment. The statement adopted certain allegations of the amended complaint without relating claims and the corresponding defendants. Given the totality of the circumstances, we see no basis to disturb the trial court's determination that the Motion to Intervene and Statement did not contain a sufficient pleading under Super.Ct.Civ.R. 24(c), particularly when the consequence of such a determination was simply to require the intervenor to provide a more specific pleading.

## C.

Finally, appellant attacks as an abuse of discretion the trial court's dismissal of his reinstated and amended complaint on August 4, 1992. *See District of Columbia v. Serafin,* 617 A.2d 516, 519 (D.C.1992). While the language of the order suggests that the trial court dismissed the complaint as a consequence of the trustee's failure to timely file the proposed pleading pursuant to 24(c), the order does specifically reference the terms of the May 7, 1992 order and the court's consideration of the entire record. See note 9, *supra.* Plainly, then, the trial court acted against the background of the totality of circumstances of this litigation in dismissing the complaint and did not exclusively and in isolation rely on the trustee's failure to timely file.[19]

■ We review a trial court's dismissal with prejudice pursuant to Super.Ct.Civ.R. 41(b) under an abuse of discretion standard. *Serafin,* 617 A.2d at 519. Among the factors which the trial court should consider are: the nature of the party's conduct, including whether it is willful; the length of any delay in complying with the court's order; the reasons for the delay; and any prejudice to the opposing party. *Id.* In exercising its discretion, the trial court should first consider lesser sanctions. *Id.*

■ Here there was clear evidence of delay and indifference on the part of appel-

---

**17.** Super.Ct.Civ.R. 7(a), 8, 10, and 24(c) are identical substantively with their federal counterparts, except with respect to modifications made to reflect local practice. Thus we may consider federal precedent as persuasive in interpreting our rule. *See generally, Jackson v. District of Columbia,* 412 A.2d 948, 951 (D.C.1980); *Calvin–Humphrey v. District of Columbia,* 340 A.2d 795, 798 n. 11 (D.C.1975). While a trial court may have discretion to grant a procedurally inadequate motion if no prejudice results, *see, e.g., Jackson,* 412 A.2d at 951, it clearly may require adherence to the rules.

**18.** Super.Ct.Civ.R. 24(c) provides that the party seeking to intervene file a motion "accompanied by" a proposed pleading. See note 5, *supra.*

Appellant's "Motion to Intervene and Statement" was a single document three pages in length with numbered paragraphs.

**19.** The trial court did not specify the authority under which it was dismissing the amended complaint. The parties assumed, as we shall, that Super.Ct.Civ.R. 41(b) served as the basis for the dismissal. *See Techniarts Video, Inc. v. 1631 Kalorama Assocs.,* 572 A.2d 1051, 1053 n. 10 (D.C.1990). Super.Ct.Civ.R. 41(b) provides that the trial court may dismiss a case "[f]or failure of the plaintiff to prosecute or to comply with [the Superior Court] rules or any order of Court." *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962); *Serafin,* 617 A.2d at 519.

lant. Over the course of the proceedings, appellant and the trustee [20] repeatedly failed to comply with orders issued by the trial court. *See, e.g., Massengale v. 3M Business Products Sales,* 504 A.2d 574, 579–80 (D.C. 1985) (dismissal of plaintiffs' action under Super.Ct.Civ.R. 41(b) for failure to comply with rules and court orders was proper where plaintiffs had failed to comply with four separate court orders); *Perry v. Sera,* 623 A.2d 1210, 1219 (D.C.1993) (plaintiff's repeated failure to answer interrogatories or produce requested documents showed gross indifference to rules of court and to fair treatment of defendant which justified dismissal as sanction for failure to comply with discovery rules). Appellant's repeated delays were in the face of explicit warnings by the trial court and condemnation of appellant's lack of diligent prosecution. Further, as already indicated, the trial court had previously attempted to deal with the situation by imposing the lesser sanction of costs and attorneys fees for non-compliance with discovery requests and delays in prosecution.

The appellees were prejudiced by appellant's inaction and sloth. A major unresolved law suit continued to threaten the appellees with unsettled liability. See note 2, *supra.* The progress of the case was halted in the attempt to establish the proper party plaintiff, including appellant's inaction in the face of the first motion to dismiss, and in completing discovery requests; moreover appellees incurred additional expense and expended additional time in preparing and filing the relevant motions and oppositions. *Solomon v. Fairfax Village Condominium IV Unit Owner's Association,* 621 A.2d 378, 379 (D.C.1993) (dismissal is appropriate "where appellee was prejudiced by appellant's delay"); *West Coast Theater Corp. v. City of Portland,* 897 F.2d 1519, 1524 (9th Cir.1990) (prejudice shown if party incurred more costs in preparation and filing of opposition to motions).[21]

Moreover, as we noted recently in *Perry v. Sera, supra,* 623 A.2d at 1219, appellant here chose to utilize the court system to try to redress alleged wrongs. When invoking such aid, it is particularly incumbent upon the plaintiff to follow the rules that keep that system running in an orderly and efficient manner. Delay and inaction prejudice not only the defendants but also the ability of other persons—persons who are doing what is necessary to follow the rules—to utilize the system.

Most telling here, however, as the trial court noted in dismissing the complaint, was that explicit notice had been given to appellant of the intended sanction for failure to comply. So forewarned, appellant cannot fairly complain when the trial court did precisely what it had said it would do. Some event inevitably becomes the last straw. Viewing this record as a whole, we do not think that the trial court abused its discretion in ultimately dismissing appellant's complaint.

*Affirmed.*

---

**20.** No argument is made that the delinquencies of the trustee should not be enforced against Rothberg or vice versa. The two are treated as a single unit and we therefore do likewise.

**21.** Appellant argues that he should not bear the punishment for the delays in filing because they were solely attributable to his attorney. Even if

so, in civil litigation the faults and defaults of the attorney and the respective consequences are attributed to the client. *Lynch v. Meridian Hill Studio Apts., Inc.,* 491 A.2d 515, 519 (D.C.1985) ("counsel's mistake must usually be imputed to, and thus bind, the client").